UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL ANTHONY ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-0468** |
| **WARDEN JOHNSON, ET AL.** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

The plaintiff, Michael Anthony Roberts ("Roberts"), was an inmate housed in the Ouachita Correctional Center ("OCC") in Monroe, Louisiana at the time of the filing of this *pro se* complaint.[1]  Roberts filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, OCC Warden Johnson, Officer Ainsworth, Ouachita Parish Sheriff Jay Russell, Deputy Barbwell, and Captain Camball, complaining that Officer Ainsworth used excessive force to restrain him at OCC resulting in physical injury for which he received medical care.  Roberts did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

### II.    Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with

---

[1] Rec. Doc. No. 1, Deficient Complaint.  The Court's staff has located Roberts's current location at the West Carroll Parish Jail through the Louisiana Department of Corrections.

the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, Roberts is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.    Analysis

As noted above, Roberts did not submit the required filing fee or request leave to proceed *in forma pauperis*. On February 11, 2020, the Clerk of Court sent a notice to Roberts at his address of record advising him that he was required to either pay the filing fee or complete and return a certified pauper application.[2] The Clerk of Court mailed the notice to Roberts at his address provided on the complaint. The envelope addressed to the plaintiff has not been returned. Roberts did not respond to the notice.

---

[2]Rec. Doc. No. 2.

On March 20, 2020, the undersigned issued an Order requiring Roberts to show cause on or before April 20, 2020, why his complaint should not be dismissed for his failure to comply with the Clerk's deficiency notice by paying the filing fee or submitting a pauper application.[3]  The Order was mailed to Roberts at his address of record.  However, on May 4, 2020, the envelope was returned as undeliverable marked "Return to Sender."

The notice of deficiency and the Court's Order were mailed to Roberts at the only address he has provided to the Court.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1.  Roberts has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed.  In addition, Roberts has not contacted the Court or provided the filing fee or pauper application required to prosecute his case.

Furthermore, the Court notes that Roberts has presented his complaint to a Court that is not a proper venue under the general venue provisions of 28 U.S.C. § 1391(b):

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under this provision, the Eastern District of Louisiana is not a proper venue for Roberts's claims arising in a jail and against defendants located in Ouachita Parish within the boundaries of the Western District of Louisiana, 28 U.S.C. § 98(c).

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the

---

[3]Rec. Doc. No. 3.

interests of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998). In this case, the interests of justice do not dictate transfer because Roberts has failed to prosecute this case.

For these reasons, Roberts's § 1983 complaint should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that Roberts's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 26th day of May, 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

CLERK TO UPDATE THE RECORD WITH
PLAINTIFF'S CURRENT ADDRESS:
**Michael Anthony Roberts, ID #16705**
**West Carroll Parish Jail**
**305 East Main Street**
**P.O. Box 744**
**Oak Grove, LA 71263**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.